## Case No. 6,289.

HAZZARD et al. v. CREDIT MOBILIER.

[7 Reporter, 360;[1] 6 Wkly. Notes Cas. 417.]

Circuit Court, E. D. Pennsylvania. Feb. 7, 15, 1879.

EQUITY PRACTICE—RECEIVER—APPOINTMENT—NOTICE.

Where it appears that certain persons are directors in two corporations, one of which is plaintiff and the other defendant in a pending action on a promissory note; that the interest of said directors is greater in the defendant than in the plaintiff company; that they have been enjoined, on a bill filed against them and both companies by stockholders of the plaintiff company, from surrendering or cancelling the note; that the said directors are about to discontinue action theron, and that a new action would be barred by the statute of limitations, a receiver will be appointed with authority to carry on the action, although the company defendant therein has not appeared or been served in the equity suit, it having actual notice and time having been given it to put in a voluntary appearance.

Motion for appointment of receiver. The bill, originally filed in common pleas No. 2 of Philadelphia, in 1875, by Hazzard, on his own behalf and that of all other stockholders of the Credit Mobilier who might join, set forth that the Credit Mobilier had had large transactions with the Union Pacific R. R. Co.; that in 1868 the latter was indebted to the former in about $2,000,000; that on August 4, 1869, a note for that amount payable on demand was given by the railroad to the Credit Mobilier; that the note remained unpaid and an action had been brought on it in Massachusetts, only a short time before it would have been barred by the statute of limitations; that the majority of the directors of the Credit Mobilier were large shareholders in the railroad and held comparatively small interests in the Credit Mobilier, their individual interests in any transaction between the companies preponderating in favor of the railroad; that these directors had lately reopened a settlement made nearly six years before between the two companies, had admitted certain invalid items of set-off in favor of the railroad, and had thus attempted to bring the Credit Mobilier into

debt to the railroad; that they had attempted to compromise all claims by agreeing to surrender the note in suit and to discontinue the action thereon; that they would carry out this compromise in fraud of plaintiff and other shareholders of the Credit Mobilier unless enjoined; and that the directors would not permit the plaintiff to use the corporate name as plaintiff in the bill. It prayed an injunction restraining the company, its directors and agents, from carrying out the alleged compromise or from cancelling, surrendering, or giving up the note, or from preventing its collection in Massachusetts. After argument, Pratt, J., granted an interlocutory injunction. In 1878 other shareholders intervened by leave of court as plaintiffs. On January 10, 1879, the executive committee of the directors of the Credit Mobilier, who under its charter exercise the powers of the board when the latter is not in session, passed a resolution directing the discontinuance of the action in Massachusetts. On February 7th the cause was removed to the circuit court and an amendment filed setting forth the above mentioned resolution and averring that one Gould controlled a majority of the railroad stock and nearly two thirds of the Credit Mobilier stock; that the executive committee of the Credit Mobilier was composed of the said Gould, his partner, and his private clerk; that the resolution had been shown to the company's counsel in Massachusetts with instruction to discontinue the action there brought on the note. An additional prayer asked the appointment of a receiver pendente lite of the note with power to conduct the action thereon and to receive the moneys due on it, and of all the property of the Credit Mobilier. There was no appearance for the Union Pacific R. R. Co., nor was it served. The hearing was on bill and ex parte affidavits.

George Biddle and James E. Gowen, for the motion. The directors of the executive committee are endeavoring to do the very thing forbidden by the injunction of the common pleas. The discontinuance, if made, will prevent the recovery of the claim, as the statute of limitations would bar a fresh action. The discontinuance could not be set aside for fraud. No fraud by one set of stockholders or by the directors of the Credit Mobilier against the rest would be ground for setting aside the discontinuance as against the Union Pacific Co., it being no party to the fraud. If discontinued, no one could be held but the directors, and possibly those stockholders who were parties to the act complained of. There is no protection to be gained by bringing the former injunction to the notice of the Massachusetts court, for a common law action may be discontinued without leave of court. A receiver alone can deprive the Credit Mobilier of the power to discontinue, and once entered, the discontinuance cannot be set aside unless the Union Pacific Co. is shown to have been, as a corporation, a party to the fraud. You may punish for contempt, but not set aside the act done as against one not before the court and therefore not guilty of contempt. But on another ground a receiver should be appointed, because the plaintiffs are entitled to have the action on the note brought to a final conclusion; and this cannot be compelled unless a receiver is appointed to do it. So long as the present directors conduct the suit they cannot be prevented from delaying or losing it.

R. C. McMurtrie, contra. The circumstances of the case are such as to render it a proper one for such action as is proposed to be taken; but there should be an examination into the alleged settlement with the Union Pacific. This court cannot interfere with the discretion of those to whom the law has confided the care of the company's property unless after hearing they are proved to be unfit. The appointment of a receiver takes away or overrules that discretion in advance and prevents any settlement of the pending litigation.

Mr. Gowen. The Union Pacific R. R. Co. is a party defendant, but has not appeared, and has no officers within this jurisdiction upon whom service can be made. Unless the railroad company is before the court no such examination can take place.

McKENNAN, Circuit Judge. If the Union Pacific R. R. Co. do not enter an appearance in this case, I think it is a proper one for the appointment of a receiver. I will let this motion stand over for one week to give the defendants an opportunity to have the appearance of the railroad company entered, and if not done by that time a motion for a receiver may be made without further argument.

(The week having expired and the Union Pacific R. R. Co. having declined to appear, a decree was made appointing a receiver of all the franchise and property of the Credit Mobilier with power to sue, etc., and ordering the Credit Mobilier, its officers and directors, to at once deliver to said receiver all their property including the $2,000,000 note, the receiver to file a bond with sureties for the faithful performance of his duties. The order to be subject to the right of any one in interest to be heard upon being made a party to except and ask for a modification of the decree.)

[For subsequent proceedings, see Hazard v. Credit Mobilier, 38 Fed. 195.]